**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**RICHARD EARL BARKER, also**
**known as MICHAEL ROBINSON**                                              **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO.:  3:17CV166-CWR-LRA**

**WARDEN BRIAN WATSON, et al**                                           **DEFENDANTS**

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Court set this case for a *Spears* or omnibus hearing by Order [27] filed on February 8, 2018, scheduling the hearing for March 27, 2018, before the undersigned Magistrate Judge.   Neither party requested a continuance.

Plaintiff Richard Earl Barker failed to appear at the March 27th hearing.  Defense attorneys Rebecca Cowan and Scott Gilbert appeared for the hearing and waited for over an hour for Barker to appear.  Barker did not attend the hearing or contact the Court to request a continuance.  He was notified of this hearing at the mailing address that he provided to the Court, being 154 Roosevelt Hudson Drive, Yazoo City, Mississippi 39194.  The notice of the hearing was sent to that address and was returned by the United States Postal Service [36] as undeliverable.   Defense counsel informed the Court that Barker was no longer housed at the Yazoo County Jail and they had no other address for him.  The Mississippi Department of Corrections [MDOC] website confirms that Barker is no longer an MDOC inmate.

Defendants filed a Motion for Partial Summary Judgment [29] on March 8, 2018.  They filed a Notice of Returned Mail [36] confirming that their motion and memoranda sent to Barker at the Yazoo City address were returned as undeliverable.  At the hearing, counsel for Defendants made an *ore tenus* motion to dismiss the Complaint due to Barker's failure to prosecute.

Plaintiff filed this case, and it was his responsibility to prosecute his claims.  He was advised of that responsibility by the Court in that Order [9] filed on June 16, 2017,

and was warned that his "[f]ailure to comply with any order of this Court and/or failure to advise this Court of a change of address will be deemed as a purposeful delay and contumacious act and may result in the dismissal of this case." [9]. His failure to attend the scheduled hearing, or to contact the Court after his release, has caused Defendants to incur unnecessary attorneys' fees and costs.

Barker has failed to abide by the orders of this Court due to his failure to attend the hearing or to keep the Court advised of his current address. He must be willing to prosecute his case in accordance with the rules of the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Involuntary Dismissal; Effect.** If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ---- except ... ---- operates as an adjudication on the merits.

(Emphasis added.)

This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions of Barker also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding

without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See Local Rule* 11(a); *Wade v. Farmers Ins. Group*, No. 01-20805, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute---even incarcerated litigants must inform the court of address changes). Barker obviously changed his address after his release, and did not receive the notice of the hearing at the address he provided the Clerk. His failure to advise the Court of that change prevents the Court from moving this case forward or communicating with him in any way.

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)). The record in Plaintiff's case supports such a finding. Barker may have lost interest in pursuing this lawsuit after his release from prison, although he has not formally dismissed his complaint. The sanction of dismissal is necessary in order to officially conclude the litigation against Defendants.

For the above reasons, the undersigned Magistrate Judge recommends that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice. Final Judgment should be entered. Defendants' Motion for Partial Summary Judgment [29] should be dismissed without prejudice, as the dismissal will not be based upon the merits of Barker's claims.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28

3

U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 7th day of May 2018.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE